UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HARVEY PRESTON,

       Petitioner,                          Hon. Gordon J. Quist

v.                                              Case No. 2:14-CV-10606

LORI GIDLEY,

       Respondent.
_____/

## ORDER

This matter is before the Court on Petitioner's Motion to Exhaust the Unexhausted Claims. (Dkt. #20). As discussed herein, Petitioner's motion is **denied**.

Petitioner was convicted of carjacking, first degree home invasion, armed robbery, and second degree criminal sexual conduct (two counts). Petitioner unsuccessfully appealed the matter in state court after which he initiated the present action, asserting numerous claims for relief. Petitioner concedes that many of the claims asserted in his habeas petition have not been properly exhausted. Petitioner, therefore, moves to stay the present action so that he can return to state court to seek relief on his unexhausted claims.

Barring circumstances which do not appear applicable, prisoners are permitted to file only one petition for writ of habeas corpus. *See* 28 U.S.C. § 2244. However, the Court must dismiss a mixed petition, asserting both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). While the dismissal of a mixed petition would permit Petitioner the opportunity to pursue in state court his unexhausted claims, because the relevant statute of limitations appears to have long since expired, Petitioner would likely be prevented from returning to federal court to seek habeas relief.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court may dismiss only the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court. *Id.*; *see also Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014). While the present petition is not technically a mixed petition, the logic and concern underlying the *Palmer* court's decision is equally applicable here.

While the Court *may* stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, granting a request for a stay in such circumstances should be granted only where: (1) the petitioner has demonstrated good cause for his failure to exhaust the claims at issue; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278. Petitioner has failed to demonstrate good cause for his failure to previously exhaust the claims in question. Petitioner has likewise failed to establish that the claims in question possess any potential merit. As Petitioner has failed to meet the standard for the relief requested, his request for a stay is **denied**.

IT IS SO ORDERED.

Date:   April 27, 2016                              /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge