UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HARVEY PRESTON,

       Petitioner,                             Hon. Gordon J. Quist

v.                                                      Case No. 2:14-CV-10606

LORI GIDLEY,

       Respondent.
_____/

## ORDER

This matter is before the Court on Preston's Petition for Writ of Habeas Corpus. Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). As detailed herein, several, but not all, of the claims asserted in Preston's petition have not been properly exhausted. The Court, however, may not adjudicate a petition containing both exhausted and unexhausted claims (i.e., a mixed petition). *See Rhines v. Weber*, 544 U.S. 269, 274 (2005). Because the Court cannot adjudicate a mixed petition, Petitioner must determine how he wishes to proceed in this matter.

Following a jury trial, Petitioner was convicted of: (1) carjacking; (2) first degree home invasion; (3) armed robbery; and (4) second degree criminal sexual conduct (two counts). (PageID.641-42). Petitioner was sentenced to serve 30-60 years on the carjacking conviction and lesser terms of imprisonment on the other convictions. (PageID.661). Petitioner subsequently appealed his conviction in the Michigan Court of Appeals asserting the following claims:

    I.      Both Michigan law and the Michigan and United States constitution require sufficient evidence to convict a defendant. There was insufficient evidence in this case

       that defendant committed the offense of carjacking, home invasion first degree, robbery unarmed or criminal sexual conduct.

II.    The in-court identification was tainted by the illegal pretrial identification process and eavesdropping of the complaining witness.

III.   The trial court erred in denying defendant's motion to quash the information.

IV.   The defendant was denied his constitutional and statutory right to a speedy trial, resulting in prejudicial error.

V.    The trial court prejudicially erred in failing to order a change of venue on grounds of inflammatory pretrial publicity.

VI.   Defendant, an African-American, was denied due process and equal protection because he was not tried by a jury of his peers.

VII.  The trial court abused its discretion and violated defendant's due process rights by scoring OV 4 ten points, OV 7 fifty points, and OV 8 fifteen points, and sentencing defendant on inaccurate information.

VIII. Prosecutorial misconduct in eliciting testimony that defendant refused to participate in a line-up violated defendant's constitutional rights against self-incrimination, to due process of law, and a fair trial.

IX.   Defendant was rendered ineffective assistance of counsel because his trial attorney made many serious mistakes.

X.    Prosecutor violated the defendant's constitutional rights and the integrity of the judicial process.

XI.   Trial judge abused his discretion in trial proceedings.

(PageID.691-92, 803).[1]

---

[1] Issues I-VIII were asserted by Petitioner's counsel, whereas issues IX-XI were asserted by Petitioner in a supplement brief.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Preston*, Case No. 298796 (Mich. Ct. App., Oct. 30, 2012). Petitioner subsequently moved in the Michigan Supreme Court for leave to appeal asserting the issues identified above as well as two new issues:

> I. Prosecution imposition multiple punishments on defendant's for same offense.
>
> II. The defendant's were never giving Miranda warnings.

(PageID.838-39).

The court denied leave to appeal on the ground that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Preston*, Case No. 146414, Order (Mich., April 29, 2013). On February 7, 2014, Petitioner initiated the present action. On March 24, 2014, Preston submitted an amended petition in which he asserts the following claims:

> I. Is case 09-225701-FC a federal case defendant's stands on Amendments 5, 6, 8, and 14.
>
> II. Has case number 298796 ever been heard before assign to defendants stands on Amendments 5, 6, 8 and 14.
>
> III. Prosecution imposition multiple punishments on defendants' for same offense.
>
> IV. The defendants' were never giving Miranda warnings.
>
> V. Case number 09-2133-01 is insufficiency for evidence for case number 09-225701-FC.
>
> VI. The defendants had no knowledge of being charge as a habitual offender until sentencing at trial which violates the Fifth, Sixth, Eighth and Fourteenth Amendment.
>
> VII. Jury composition there was a underinclusion of a identifiable group as a result of the jury selection system.
>
> VIII. Investigation and policing.

> IX. Defendants was rendered ineffective assistance of counsel.
>
> X. The trial court prejudicially erred in failing to order a change of venue on grounds of inflammatory pretrial publicity.
>
> XI. Prosecution violated the defendants constitutional rights and the integrity of the judicial process.
>
> XII. Trial judge abused his discretion in trial proceedings which violates defendants Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.
>
> XIII. Defendants constitutional rights were violated when defendants final pretrial conference was held without defendants being present violates Fifth, Sixth, Eighth and Fourteenth Amendments.

(PageID.32-52).

A petition for writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The petitioner properly exhausts his claims by "fairly presenting his federal claims to the state courts." *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008) (citation omitted). The exhaustion requirement "is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.*

While exhaustion requires that the petitioner present his claims to the state's highest court, presenting his claims to *only* the state's highest court may not suffice. The Michigan Supreme Court conducts discretionary review of appeals by application for leave to appeal. In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court held that presentation of an issue for the first time on discretionary review to the state's highest court does not satisfy the "fair presentation" requirement where the court declines to exercise its discretion to review the matter. *Id.* at 351.

Applying *Castille*, the Sixth Circuit has likewise determined that the exhaustion requirement is not satisfied where a petitioner first presents a claim on discretionary appeal to the state's highest court, unless that court opts to review the merits of the claim. *See*, *e.g.*, *Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004); *Granger v. Hurt*, 215 Fed. Appx. 485, 491 (6th Cir., Feb. 8, 2007).

   Of the thirteen issues asserted in Preston's habeas petition, several have not been properly exhausted. Habeas issues I, II, and XIII were not presented in state court. Habeas issues III and IV were presently only to the Michigan Supreme Court which denied Petitioner leave to appeal. Furthermore, while Petitioner did assert in state court claims of ineffective assistance of counsel, many of the claims of ineffective assistance of counsel asserted in habeas issue IX, were not presented to the state courts. In state court, Petitioner asserted that his trial attorney's performance was deficient in three respects: (1) counsel failed to conduct a sufficient investigation prior to trial, (2) counsel improperly stipulated to the admission of a composite sketch of Petitioner, and (3) counsel improperly stated during closing argument that he was "for the Plaintiff." (PageID.808). In his habeas petition, however, Preston asserts several new claims of ineffective assistance that were not presented to the state court. Of the three ineffective assistance claims presented to the state court, only the claim that counsel improperly stipulated to the admission of a composite sketch of Petitioner has been asserted in the present action. Thus, the other claims of ineffective assistance of counsel asserted by Petitioner in the present action have not been properly exhausted. In sum, only the following claims asserted in Preston's habeas petition have been properly exhausted: (1) habeas claims V, VI, VII, VIII, X, XI, XII, and (2) Petitioner's claim, asserted in habeas claim IX, that his attorney rendered ineffective assistance by stipulating to the admission of a composite sketch of Petitioner.

Generally, the Court would dismiss without prejudice a mixed petition such as this so as to permit Petitioner to return to state court to properly exhaust his claims. However, the Antiterrorism and Effective Death Penalty Act (AEDPA) now imposes a one-year statute of limitations, which is not tolled during the pendency of a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The statute of limitations has long since expired, therefore, and such a dismissal would effectively preclude review of Petitioner's habeas claims.

The Supreme Court has indicated, however, that in certain limited circumstances the district court can stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust his claims in state court. *See Rhines*, 544 U.S. at 277. The *Rhines* Court warned, however, that the issuance of a stay for this purpose "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Id.* Accordingly, such a stay should be entered only where: (1) the petitioner has demonstrated good cause for his failure to exhaust the claim(s) at issue; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278; *see also*, *Wiedbrauk v. LaVigne*, 174 Fed. Appx. 993, 999 (6th Cir., May 17, 2006). Petitioner has failed to demonstrate entitlement to a stay in this matter. In the absence of a stay, Petitioner must choose between two alternative courses of action.

### A.    Option I

Petitioner has the option of amending his petition for writ of habeas corpus to dismiss his unexhausted claims and asserting only the claims identified above that have been properly exhausted. Should Petitioner choose this option, the Court will adjudicate on the merits habeas claims V, VI, VII, VIII, X, XI, XII, as well as Petitioner's claim, asserted in habeas claim IX, that his attorney rendered

ineffective assistance by stipulating to the admission of a composite sketch of Petitioner. The remaining claims asserted in Preston's petition, because they have not been properly exhausted, as discussed above, will be dismissed.

B.  Option II

In the alternative, Petitioner can opt to NOT amend his petition and thereby continue to advance all the claims asserted in his petition, even those claims which have not been properly exhausted. If Petitioner chooses this option, the Court will recommend that his petition for writ of habeas corpus be dismissed without prejudice as a mixed petition. As discussed above, however, the statute of limitations in this matter has long since expired. Thus, if Petitioner opts to NOT dismiss his unexhausted claims, and his petition is subsequently dismissed as a mixed petition, it is unlikely that Petitioner would be entitled to have any of his habeas claims reviewed in federal court.[2]

Petitioner is hereby directed to inform the Court whether he wishes to proceed with Option I or Option II. Petitioner shall inform the Court of his decision in this matter no later than May 30, 2016. To comply with this Order, Petitioner need only timely file with the Court an appropriate pleading indicating whether he chooses Option I or Option II. Petitioner does not need to submit an amended petition.

**In the event that Petitioner fails to comply with this Order, the Court will recommend that Preston's petition for writ of habeas corpus be dismissed without prejudice as a mixed petition. In other words, should Petitioner fail to comply with this Order, the Court will interpret such as a decision by Petitioner that he has chosen Option II.**

---

[2] In such a circumstance, Petitioner would have to either demonstrate that he is entitled to file a second or successive petition for writ of habeas corpus or that he is entitled to relief from the application of the statute of limitations.

x

**IT IS SO ORDERED.**

Date:  April 28, 2016                                     /s/ Ellen S. Carmody
                                                                              ELLEN S. CARMODY
                                                                              United States Magistrate Judge