UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

HARVEY PRESTON,

    Petitioner,

v.                                          Case No. 2:14-CV-10606

LORI GIDLEY,                      HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Harvey Preston, filed a petition for a writ of habeas corpus raising a number of issues. On May 31, 2017, Judge Ellen S. Carmody issued a thorough 37 page Report and Recommendation (R & R) recommending that the Court deny Preston's petition. (ECF No. 28.)

Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. The Sixth Circuit has held that objections to an R&R must be specific. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002). Therefore, if a petitioner does not provide specific reasons for his objections, the objections are to be overruled.

Preston did not specifically object to the magistrate judge's report and recommendation. Rather, his objections read more like an initial petition. Therefore, Preston's objections are deemed waived. As the Sixth Circuit has observed:

> This circuit has established that failure to file objections to a magistrate judge's report and recommendation constitutes a waiver of the right to appeal. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio 43023*, 174 F.3d 720, 725 (6th Cir. 1999). [Plaintiff] did file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

*Thrower v. Montgomery*, 50 F. App'x 262, 263-64 (6th Cir. 2002).

Nevertheless, the Court has done a de novo review of the R & R and adopts the R & R.

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Preston has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Preston's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Preston's claims were debatable or wrong. Thus, the Court will deny Preston a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 31, 2017 (ECF No. 28) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 29) is **OVERRULLED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: October 12, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE